[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5696
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 8, 2000
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00059-CV-JAL

FOLIAGE FOREST, INC., a Florida Corporation

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont,
and CRAWFORD & COMPANY, a Georgia Corporation,

Defendants-Appellees.

------------------------------------------------------------------------

_____

No. 97-5697
_____

D. C. Docket No. 97-00060-CV-JAL

COUNTRY JOE'S NURSERY, INC.,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont,

and CRAWFORD & COMPANY, a Georgia Corporation,

Defendants-Appellees.

--------------------------------------------------------------------------

_____

No. 97-5698

_____

D. C. Docket No. 97-00064-CV-JAL

CASTLETON GARDENS, INC., a Florida Corporation,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont,
and CRAWFORD & COMPANY, a Georgia Corporation,

Defendants-Appellees.

--------------------------------------------------------------------------

_____

No. 97-5699

_____

D. C. Docket No. 97-00064-CV-JAL

PALM BEACH GREENERY, INC., a
Florida Corporation,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY,

2

a Delaware Corporation d.b.a. Dupont,
and CRAWFORD & COMPANY, a Georgia Corporation,

Defendants-Appellees.

--------------------------------------------------------
_____

No. 97-5700
_____
D. C. Docket No. 97-00065-CV-JAL

MORNINGSTAR NURSERY, INC., a
Florida Corporation,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont,
and CRAWFORD & COMPANY, a Georgia Corporation,

Defendants-Appellees.
_____

Appeals from the United States District Court
for the Southern District of Florida
_____
**(August 8, 2000)**

Before BARKETT and RONEY, Circuit Judges.[*]

PER CURIAM:

---

[*] Judge Joseph W. Hatchett resigned on May 14, 1999, and did not participate in this decision.

Plaintiffs Foliage Forest, Country Joe's Nursery, Castleton Gardens, Palm Beach Greenery, and Morningstar Nursery, commercial nurseries whose plants were allegedly damaged by a DuPont product called Benlate, appeal the district court's orders finding that their fraudulent inducement claims were barred by the releases executed by plaintiffs in settlement agreements, and thereby dismissing the claims under Federal Rule of Civil Procedure 12(b)(6).  Because the releases executed by Foliage and Castleton presented a choice-of-law question similar to that which had been certified to the Supreme Court of Florida by a panel of this Court in Mazzoni Farms, Inc. v. E.I. Dupont De Nemours & Co., 166 F.3d 1162 (11th Cir. 1999), we consolidated these cases with Mazzoni Farms,[1] and certified the following two questions to the Supreme Court of Florida:

> (1) Does a choice-of-law provision in a settlement agreement control the disposition of a claim that the agreement was fraudulently procured, even if there is no allegation that the choice-of-law provision itself was fraudulently procured?
> (2) If Florida law applies, does the release in these settlement agreements bar plaintiffs' fraudulent inducement claims?

The Supreme Court of Florida has now answered the first certified question in the affirmative and the second certified question in the negative.  See Mazzoni

---

[1]  Following the release of the Florida Supreme Court's opinion, the cases were subsequently unconsolidated.  See Foliage Forest v. E.I. Dupont De Nemours, Nos. 97-5696-5700 & 97-5931-5932 (11th Cir. July 19, 2000) (order severing Nos. 97-5931 and 97-5932 from the consolidated appeal.)

Farms, Inc., v. E.I. DuPont De Nemours & Co., __ So.2d __, 25 Fla. L. Weekly S446 (Fla. 2000).

In light of the Supreme Court of Florida's opinion we find that the Foliage and Castleton releases are subject to their respective Delaware choice-of-law provisions. The parties to those releases are therefore bound by the Delaware Supreme Court's recent holding that a release in a settlement agreement does not bar a nursery's claim for fraud in the inducement of the release. See E.I. DuPont De Nemours & Co. v. Florida Evergreen Foliage, 744 A.2d 457 (Del. 1999).

The releases executed by Morningstar, Palm Beach Greenery and Country Joe, which do not contain a Delaware choice-of-law provision, are therefore governed by Florida law and subject to the Florida Supreme Court's ruling on the second certified question.

Accordingly, we reverse the district court's order dismissing the plaintiffs' claims and remand this case for further proceedings.

REVERSED and REMANDED.